| Fill in this information to identify your case: | For amended plans only: |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS** | ☐ Check if this amended plan is filed prior to any confirmation hearing. |
| Debtor 1    **Stephen**           **M**              **Zimmerman**<br>              First Name    Middle Name    Last Name | ☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial. |
| Debtor 2    **Kathleen**           **M**              **Zimmerman**<br>(filing spouse)  First Name    Middle Name    Last Name | List the sections which have been changed by this amended plan:<br>_____<br>_____<br>_____<br>_____ |
| Case number:  **18-41760** | |

**TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

**Adopted: Dec 2017**

| Part 1: | Notices |
|---|---|

**To Debtor\*:** This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

\* The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check on box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ Not included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☑ Not included |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☑ Not included |

Debtor **Stephen M Zimmerman**    Case number **18-41760**
**Kathleen M Zimmerman**

| Part 2: | Plan Payments and Length of Plan |

**2.1** The applicable commitment period for the Debtor is **60** months.

**2.2** **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date* or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the **"Plan Term"**). The payment schedule shall consist of:

* The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

- ☑ **Constant Payments:** The Debtor will pay **$200.00** per month for **60** months.
- ☐ **Variable Payments:** The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3** **Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner:

*[Check one]*

- ☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.
- ☑ Debtor will make electronic payments through the Trustee's authorized online payment system.
- ☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.
- ☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4** **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5** **Additional payments.** *[Check one]*

- ☑ **None.** If "None" is checked, the rest of § 2.5 need not be completed.

**2.6** **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is **$12,000.00** which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the **"Plan Base."**

| Part 3: | Treatment of Secured Claims |

**3.1** **Post-Petition Home Mortgage Payments.** *[Check one]*

- ☐ **No Home Mortgage.** If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.
- ☐ **Home Mortgage Maturing Before or During Plan Term.** If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 need not be completed.

| Debtor | **Stephen M Zimmerman** | Case number | **18-41760** |
|---|---|---|---|
|  | **Kathleen M Zimmerman** |  |  |

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort. **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a).*** The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

*All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| 1. **US Bank Home Mortgage** | **Homestead @ 133 Joshua St, Denton, Tx. 76209** | **$2,103.00**  Amount inc:  ☑ Tax Escrow  ☑ Insurance Escrow  ☐ Other ____ | **1st** |

| 3.2 | **Curing Defaults and Maintenance of Direct Payment Obligations.** *[Check one]* |
|---|---|
|  | ☑ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.* |

| 3.3 | **Secured Claims Protected from § 506 Bifurcation.** *[Check one]* |
|---|---|
|  | ☑ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.* |

| 3.4 | **Secured Claims Subject to § 506 Bifurcation.** |
|---|---|
|  | *[Check one]* |
|  | ☑ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.* |

| 3.5 | **Direct Payment of Secured Claims Not in Default.** *[Check one]* |
|---|---|
|  | ☐ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.* |
|  | ☑ **Direct Claims.** Each of the following secured claims are designated for direct payment in accordance with the applicable contractual documents (a "Direct Claim"). The Debtor represents that each secured claim listed in this subsection was not in default on the Petition Date and either: (1) is protected from valuation under § 506(a) and payable at a contractual interest rate reasonable under the circumstances; or (2) should otherwise be approved by the Court based upon the justification provided. **Without such representations by the Debtor, this subsection may not be utilized and the claim treatment must instead be addressed in § 3.4.** Each listed secured claim constitutes a separate class. |

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|---|
| 1. **Ally Financial** | **2014 HOnda Pilot with 79783 miles** | **$24,891.00** | **$18,000.00** | **0.00%** | **$578.00** | ☑ Debtor  ☐ Co-Debtor  ☐ Third Party | ☐ Exceeds Plan Term |
|  | Justification: |  |  |  |  |  |  |

| Debtor | **Stephen M Zimmerman** | Case number | **18-41760** |
|---|---|---|---|
| | **Kathleen M Zimmerman** | | |

| | | |
|---|---|---|
| **3.6** | **Surrender of Property.**  *[Check one]* | |
| | ☑ **None.**  *If "None" is checked, the remainder of § 3.6 need not be completed.* | |
| **3.7** | **Lien Retention.** | |
| | The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law.  The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a).  In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court. | |
| **3.8** | **Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.** | |
| | For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee.  The Debtor must also pay all ad valorem taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period.  Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty. | |
| **3.9** | **Lien avoidance.**    *[Check one]* | |
| | ☑ **None.**  *If "None" is checked, the remainder of § 3.9 need not be completed.* | |
| **3.10** | **Rule 3012 Valuation of Collateral.**    *[Check one]* | |
| | ☑ **None.**  *If "None" is checked, the remainder of § 3.10 need not be completed.* | |
| **3.11** | **Lien Removal Based Upon Unsecured Status.**    *[Check one]* | |
| | ☑ **None.**  *If "None" is checked, the remainder of § 3.11 need not be completed.* | |
| **Part 4:** | **Treatment of Administrative Expenses, DSO Claims and Other Priority Claims** | |
| **4.1** | **General** | |
| | All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest.  Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules.  The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below. | |
| **4.2** | **Trustee's Fees.** | |
| | The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee. | |

| Debtor | **Stephen M Zimmerman** | Case number | **18-41760** |
|---|---|---|---|
|  | **Kathleen M Zimmerman** |  |  |

### 4.3 Attorney's Fees.

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$3,000.00**. The amount of **$190.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1);   ☐ by submission of a formal fee application.

**LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that local rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:** If the attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

### 4.4 Priority Claims: Domestic Support Obligations ("DSO"). *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

### 4.5 Priority Claims: DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount. *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

### 4.6 Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims. *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Specially Classed Unsecured Claims. *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

### 5.2 General Unsecured Claims.

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ 100% + Interest at _____ ;

☐ 100% + Interest at _____ with no future modifications to treatment under this subsection;

☑ **Pro Rata Share:** of all funds remaining after payment of all secured, priority, and specially classified claims.

### 5.3 Liquidation Analysis: Unsecured Claims Under Parts 4 and 5.

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$4,408.37**. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

| Debtor | **Stephen M Zimmerman** | Case number | **18-41760** |
|---|---|---|---|
| | **Kathleen M Zimmerman** | | |

### Part 6: Executory Contracts and Unexpired Leases

**6.1 General Rule - Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED**. All other executory contracts and unexpired leases of the Debtor are **REJECTED**.

*[Check one.]*

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

### Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

### Part 9: Miscellaneous Provisions

**9.1 Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2 Plan Distribution Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3 Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

### Part 10: Signatures

**X /s/ Holly B Guelich**                                   Date  **08/21/2018**
**Signature of Attorney for Debtor(s)**

**X /s/ Stephen M Zimmerman**                        Date  **08/21/2018**
**X /s/ Kathleen M Zimmerman**                      Date  **08/21/2018**
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

Debtor **Stephen M Zimmerman**     Case number **18-41760**
**Kathleen M Zimmerman**

### Part 11: Certificate of Service to Matrix as Currently Constituted by the Court

I hereby certify that the above and foregoing document was served upon all of the parties as listed on the attached master mailing list (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on August 22, 2018:

/s/ Holly B Guelich
**Holly B Guelich**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 18-41760<br>Eastern District of Texas<br>Sherman<br>Wed Aug 22 12:15:37 CDT 2018 | Alliance One<br>4850 Street Road Suite 300<br>Trevose, PA 19053-6643 | Ally Bank<br>PO Box 130424<br>Roseville, MN 55113-0004 |
| Ally Financial<br>PO Box 380901<br>Minneapolis, MN 55438-0901 | Alpha Recovery Group<br>6912 S Quentin St<br>Unit 10<br>Centennial, CO 80112-4531 | Baylor College Of Dentistry<br>PO Box 660677<br>Dallas, TX 75266-0677 |
| Birchland Market<br>PO Box 2817<br>Monroe, WI 53566-8047 | Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Carey D. Ebert<br>Chapter 13 Trustee<br>PO Box 941166<br>Plano, TX 75094-1166 |
| Central Credit Services<br>9550 Regency Square Blvd<br>Jacksonville, FL 32225-8169 | Clear Balance<br>PO Box 927830<br>San Diego, CA 92192-7830 | Diversified Healtcare/Baylor<br>PO Box 830808<br>Richardson, TX 75083-0808 |
| ERC<br>PO Box 57610<br>Jacksonville, FL 32241-7610 | Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 | GLEL<br>PO Box 7860<br>Madison, WI 53707-7860 |
| GLELSI<br>PO Box 7860<br>Madison, WI 53707-7860 | Holly B. Guelich<br>The Law Office of Holly B. Guelich<br>12880 Hillcrest Road<br>Suite J233<br>Dallas, TX 75230-6573 | Heltzberg<br>c/o Capital One Retail Services<br>PO Box 30257<br>Salt Lake City, UT 84130-0257 |
| Holly B. Guelich<br>12880 Hillcrest Rd., Suite J233<br>Dallas, TX 75230-6573 | Internal Revenue Service<br>1100 Commerce St, MC5026DAL<br>Dallas, TX 75242-1100 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Kathleen M Zimmerman<br>133 Joshua St<br>Denton, TX 76209-4832 | Kohl's<br>PO Box 3043<br>Milwaukee, WI 53201-3043 | Masseys<br>PO Box 2822<br>Monroe, WI 53566-8022 |
| Medical CIty Dallas<br>PO BOx 740782<br>Cincinnati, OH 45274-0782 | Merrick Bank<br>PO Box 9201<br>Old Bethpage, NY 11804-9001 | Midland Funding<br>2365 Northside Drive Suite 300<br>San Diego, CA 92108-2709 |
| Monarch recovery<br>3260 Tillman Dr., Suite 75<br>Bensalem, PA 19020-2059 | NES<br>2479 Edison Blvd Unit A<br>Twinsburg, OH 44087-2476 | NPAS Solutions LLC<br>PO Box 99400<br>Louisville, KY 40269-0400 |

| | | |
|---|---|---|
| NTB Credit Plan<br>PO Box 6403<br>Sioux Falls, SD 57117-6403 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Paramount Recovery Systems<br>7524 Bosque Blvd Suite L<br>Woodway, TX 76712-3772 |
| Paypal<br>PO Box 5138<br>Timonium, MD 21094-5138 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Prosper Funding LLC<br>221 Main Street Suite 300<br>San Francisco, CA 94105-1909 |
| RPM<br>20816 44th Ave W<br>Lynnwood, WA 98036-7799 | Rausch, Sturm et al<br>15660 N Dallas Pkwy Suite 350<br>Addison, TX 75248 | SYNCB<br>PO Box 965061<br>Orlando, FL 32896-0061 |
| SYNCB/Belk<br>PO Box 965060<br>Orlando, FL 32896-5060 | SYNCB/JC Penney<br>PO Box 965064<br>Orlando, FL 32896-5064 | SYNCB/Sams<br>PO Box 965060<br>Orlando, FL 32896-5060 |
| SYNCB/Walmart<br>PO Box 965060<br>Orlando, FL 32896-5060 | Scott & Associates PC<br>PO Box 115220<br>Carrollton, TX 75011-5220 | Sears<br>PO Box 6283<br>Sioux Falls, SD 57117-6283 |
| Stephen M Zimmerman<br>133 Joshua St<br>Denton, TX 76209-4832 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Target Visa<br>PO BOx 673<br>Minneapolis, MN 55440-0673 |
| True Accord<br>303 2nd St Suite 750<br>San Francisco, CA 94107-1366 | U.S. Attorney (IRS)<br>110 N. Spring, Suite 700<br>Tyler, TX 75702 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |
| U.S. Attorney General<br>Department of Justice<br>10th & Constitution Ave, NW<br>Washington, DC 20530-0001 | U.S. Trustee<br>1100 N. College St, Suite 300<br>Tyler, TX 75702-7231 | US Bank Home Mortgage<br>PO Box 21948<br>Eagan, MN 55121-0948 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United Collection Bureau<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614-1501 | Wells fargo<br>PO Box 10347<br>Des Moines, IA 50306-0347 |
| Wise regional Health System<br>2000 S FM 51<br>Decatur, TX 76234-3702 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| (d)Capital One<br>Payroll Svs T012077-0470<br>15020 Capital One Dr<br>Richmond, VA 23238 | Portfolio Recovery Associates<br>120 Corporate Blvd<br>Norfolk, VA 23502 | TX Comptroller of Public Accounts<br>Revenue Accting Div-Bankrupt Sect<br>PO Box 13528<br>Austin, TX 78711-5328 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (d)Kathleen M Zimmerman<br>133 Joshua St<br>Denton, TX 76209-4832 | (d)Stephen M Zimmerman<br>133 Joshua St<br>Denton, TX 76209-4832 |

End of Label Matrix
Mailable recipients    57
Bypassed recipients     3
Total                  60